# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 3, 2021

Lyle W. Cayce
Clerk

No. 19-60501
Summary Calendar

SAN JUANA ALVAREZ-DE SAUCEDA,

*Petitioner*,

*versus*

ROBERT M. WILKINSON, *Acting U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A091 374 218

Before HIGGINBOTHAM, JONES, and COSTA, *Circuit Judges*.

PER CURIAM:[*]

San Juana Alvarez-De Sauceda, a native and citizen of Mexico, petitions for review of an order of the Board of Immigration Appeals (BIA) denying her second motion to reopen and declining to sua sponte reopen the proceedings. For the following reasons, the petition for review is denied.

---

[*] Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 19-60501

Motions to reopen are disfavored. *Lara v. Trominski*, 216 F.3d 487, 496 (5th Cir. 2000) (internal citation omitted). The denial of a motion to reopen is reviewed for abuse of discretion. *Zhao v. Gonzales*, 404 F.3d 295, 301 (5th Cir. 2005). This court will affirm the BIA's decision unless it is "capricious, racially invidious, utterly without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach." *Id.* at 303-04 (internal citation omitted). The BIA's factual findings are reviewed for substantial evidence, and this court will not disturb such findings unless the evidence compels a contrary conclusion. *Orellana-Monson v. Holder*, 685 F.3d 511, 517-18 (5th Cir. 2012).

We need not decide whether the BIA properly held that Alvarez-De Sauceda's motion to reopen was untimely and that she was not entitled to equitable tolling. Even assuming that her motion was timely, the BIA did not abuse its discretion in denying the motion on the alternative ground that Alvarez-De Sauceda failed to show that she was entitled to cancellation of removal. *See Yanez-Pena v. Barr*, 952 F.3d 239, 241 (5th Cir. 2020), *petition for cert. filed* (U.S. Apr. 6, 2020) (No. 19-1208). A perfected notice to appear triggers the stop-time rule when an alien receives all required information, whether in one document or more. *See id.* Moreover, *Pierre-Paul v. Barr*, 930 F.3d 684 (5th Cir. 2019), *cert denied*, 140 S. Ct. 2718 (2020), forecloses Alvarez-De Sauceda's arguments that her notice to appear did not vest the IJ with jurisdiction. *See Thompson v. Dallas City Att'y's Office*, 913 F.3d 464, 467 (5th Cir. 2019).

Insofar as Alvarez-De Sauceda claims that her notice to appear violated her right to due process, "no liberty interest exists in a motion to reopen, and therefore due process claims are not cognizable in the context of reopening proceedings." *Mejia v. Whitaker*, 913 F.3d 482, 490 (5th Cir. 2019).

PETITION FOR REVIEW DENIED.